PETER J. KARBACH ET AL. V. KATE CLARK.

FILED NOVEMBER 9, 1899.    No. 9,016.

Replevin: VERDICT FOR DEFENDANT: EXCESSIVE DAMAGES. Amount of
damages assessed, and for which judgment was rendered, *held*
excessive and not warranted by the evidence.

ERROR from the district court of Douglas county.
Tried below before FAWCETT, J.  *Affirmed upon filing of
remittitur.*

*E. W. Simeral* and *William Simeral,* for plaintiffs in
error.

*Parke Godwin, contra.*

HARRISON, C. J.

In an action of replevin commenced in the district court of Douglas county the defendant in error sought the recovery of the possession of one carriage and a set of harness. The property was not taken under the writ and the action proceeded "as one for damages only." There was a trial of the issues to a jury, and a verdict was returned in favor of the defendant in error in the sum of $182.49. On hearing of the plaintiff in error's motion for a new trial, the trial court ordered a remittitur of $82.49, and upon compliance therewith overruled the motion for a new trial, and rendered judgment on the verdict for the sum of $100. The defeated party has removed the case to this court for review.

The argument for plaintiff in error is that the evidence will not sustain a finding of damages in the amount for which judgment was rendered, and this is the sole contention. There was no very competent evidence of the market value, at the time taken, of the property involved. A witness called on behalf of the defendant in error testified on the subject, and if his testimony is to be taken as proof of such value, and it is not questioned, or is conceded for plaintiff in error that it was, then the judgment was for a sum in excess of that proven, and it may be added that there was no other evidence upon which an estimate could be based. There was some testimony in regard to the condition of the property when possession of it was taken by plaintiff in error, but none of its market value, or upon which, in connection with other evidence, a calculation of its market value could be predicated. The damages shown by the evidence, adopting the theory of the trial court, and upon which the cause was tried, and of which there is no complaint here, or the market value at time of conversion, and interest thereon to the first day of the term of court at which the trial occurred is $26.83. The defendant in error may file within forty days a remittitur of $73.17 as of the date of

judgment, and the judgment as thus reduced stand affirmed. If the remittitur is not filed, the judgment is reversed, and the cause remanded.

JUDGMENT ACCORDINGLY.